UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES of AMERICA | ) ) ) | Criminal Action No. |
| v. | ) ) | 18-10288-FDS |
| RAUL ROBLES, | ) ) |  |
| Defendant. | ) ) |  |

# MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO REDUCE SUPERVISED RELEASE PERIOD

**SAYLOR, C.J.**

This case involves the prosecution and conviction of defendant Raul Robles for trafficking cocaine while possessing a firearm. After his indictment on August 22, 2018, defendant pleaded guilty on November 4, 2019, to one count of distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1); one count of possession with intent to distribute cocaine, also in violation of 21 U.S.C. § 841(a)(1); and one count of felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). (ECF No. 66).

On February 10, 2020, defendant was sentenced to four years of incarceration, to be followed by six years of supervised release. (ECF No. 73). As a result of defendant's prior 2007 marijuana-trafficking conviction in Massachusetts state court, his six-year supervised release period represented a mandatory enhancement to the minimum penalty of three years, as set forth under 21 U.S.C. § 841(b)(1)(C).

On December 17, 2021, roughly two months before defendant's anticipated release from custody, the Court granted defendant's motion for a reduction in prison sentence under 18 U.S.C. § 3582(c)(1)(A) to time served. (ECF No. 95). The previously imposed conditions of his

supervised release remained unchanged. (*Id.*)

On February 21, 2024, defendant moved to reduce his period of supervised release from six years to three years under 28 U.S.C. § 2255. As support, he cites the November 10, 2023 expungement of his state drug conviction, which, at the time of his sentencing, formed the basis of the mandatory enhancement to his supervised release period from three to six years. Defendant contends that the expungement renders the enhancement unwarranted and that, as a result, his supervisory period should be reduced to the statutory minimum that would apply in the absence of the state drug conviction—that is, three years.

For the following reasons, the motion will be denied.

**I.    Analysis**

Pursuant to 28 U.S.C. § 2255, a prisoner in federal custody may move the court which imposed the sentence to vacate, set aside, or correct the sentence if (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose such sentence," (3) "the sentence was in excess of the maximum authorized by law," or (4) the sentence "is otherwise subject to collateral attack." *Hill v. United States*, 368 U.S. 424, 426-27 (1962) (quoting the statute). Defendant does not contend that any of the first three bases set forth in § 2255 support a revision to his six-year supervised release period; instead, he argues that his sentence is subject to collateral attack on the ground that his predicate state drug offense was expunged from his criminal record. (Reply to Opp. at 2).

The Supreme Court has "narrowly confined the scope and availability of collateral attack for claims that do not allege constitutional or jurisdictional errors." *Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994). Such claims may support a sentencing adjustment under § 2255 only if "the claimed error is 'a fundamental defect which inherently results in a complete miscarriage of justice' or 'an omission inconsistent with the rudimentary demands of fair

2

procedure.'" *Id.* (quoting *Hill*, 368 U.S. at 428). The error—to the extent one was committed—must "present exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Id.*

Here, defendant contends that such an error has occurred because his expunged state offense continues to be included in the calculation of his minimum penalty under § 841, which mandates that the court "impose a term of supervised release of at least 6 years" if the defendant had been previously convicted of a felony drug offense. 21 U.S.C. § 841(b)(1)(C). As defendant correctly notes, had he not been previously convicted of a drug offense, the mandatory minimum supervised release period would be just three years. *Id.*

However, binding Circuit precedent dictates that prior felony drug convictions must count toward a defendant's minimum penalty under § 841 unless the convictions are expunged for reasons solely related to "innocence or an error of law." *United States v. Rivera-Donate*, 682 F.3d 120, 138 (1st Cir. 2012) (quoting *United States v. Rivera-Rodriguez*, 617 F.3d 581, 610 (1st Cir. 2010)). Following the position taken by eight other circuit courts, the First Circuit held in *Rivera-Rodriguez* that

> [f]or purposes of sentences imposed under § 841, . . . Congress has not exempted from the 'prior convictions' that must be counted those convictions removed from a criminal record for *policy reasons unrelated to innocence or an error of law*. The courts of appeals that have considered this § 841 question therefore have counted prior felony drug convictions even where those convictions had been set aside, expunged, or otherwise removed from a defendant's record for such reasons.

617 F.3d at 609-10 (quoting *United States v. Law*, 528 F.3d 888, 911 (D.C. Cir. 2008)) (emphasis added). The basic reasoning underpinning that rule is that expungement does "not change the historical fact that, for purposes of § 841, the defendant had been convicted of the felony in the past." *United States v. Diaz*, 838 F.3d 968, 973 (9th Cir. 2016). Only when an

3

expungement "alters the legality of the original state conviction"—due either to an error committed in the course of the defendant's state prosecution or to the revelation of facts demonstrating that defendant was actually innocent of the underlying crime—may those convictions be exempted from the sentencing calculations under § 841. *Id.* Thus, to obtain a reduction in his term of his supervised release, defendant must establish that his prior conviction was expunged for reasons related either to his innocence or to an error of law, but not for policy reasons.

Although defendant asserts that the "basis for [his] November 2023 expungement was . . . his innocence," he does not provide any supporting evidence to validate that claim. (Reply to Opp. at 3). Nor does he contend that the state committed an error of law at any point during his 2007 prosecution. Instead, defendant acknowledges that his state conviction was expunged because Massachusetts subsequently decriminalized the underlying offense of marijuana possession. (*Id.* at 2). He further notes that the state court "permanently destroyed [his] 2007 conviction because it was no longer necessary for the achievement of ancillary goals of the criminal justice system, would have been unjust to keep on his record, and served as an impediment to his re-entry into society." (*Id.*).

Those justifications, reasonable as they may be to support expungement, are nonetheless policy-based reasons that do not permit a reduction of defendant's federal supervised release period. Defendant neither argues nor presents evidence suggesting that he did not actually possess marijuana in 2007 in violation of then-prevailing state law. Nor has he presented any evidence to indicate that a legal error occurred in the course of his state prosecution. Thus, because the 2007 state drug conviction was expunged for policy reasons unrelated to his innocence or error of law, under the law of this circuit, the Court may not revise the period of

supervised release.

Accordingly, the motion will be denied.

## II. Conclusion

For the foregoing reasons, the motion to reduce defendant's supervised release period is DENIED.

**So Ordered.**

Dated:  February 18, 2025

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court